**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| EDWARD CAVADA, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| BANK OF AMERICA, N.A., | § | A-14-CV-00938-LY-ML |
| BAC HOME LOAN SERVICING, L.P., | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL,
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant, Bank of America, N.A., as successor by merger to BAC Home Loans Servicing LP ("BANA" or "Defendant")'s Motion to Dismiss Plaintiff's First Amended Petition [Dkt. #12], Plaintiff's Response in opposition thereto [Dkt. #16], and BANA's Reply in support therof [Dkt. #20]; as well as Plaintiff's Motion to Remand and Brief in Support [Dkt. #15] and Defendant's Response in opposition thereto [Dkt. #19].

The Motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

## I.    BACKGROUND

This is Plaintiff's second lawsuit, removed from the district courts of Travis County, Texas, to the United States District Court for the Western District of Texas, both suits contesting attempts by Defendant to foreclose on his home.  The facts of the case(s) are as follows.

On or about February 13, 2009,[1] Edward Cavada, jointly with his then-wife, Amber Cavada, executed a Deed of Trust concerning the Property located at 7024 Thistle Way, Austin, TX 78754.  Amended Pet. [Dkt. #10] Ex. A.  At the same time, Amber Cavada executed a Note for $212,728.00 at a 5% annual interest rate, secured by the Deed of Trust.  *Id.*  Plaintiff acknowledges the note was sold to Bank of America "shortly thereafter."  Amended Pet. at ¶ 10.

In May of 2012, the Cavadas divorced.  *Id.* at ¶ 11.  Plaintiff asserts he was awarded a 50% interest in the Property in the final divorce decree.  *Id.*

On January 6, 2014, Plaintiff filed suit in the 98th Judicial District Court of Travis County, Texas, seeking to prevent BANA from foreclosing on the Property.  *See* Notice of Removal in *Cavada v. Bank of America, N.A. and BAC Home Loan Servicing, L.P.,* No. 1-14-CV-275 (W.D. Tex. March 31, 2014) (*Cavada I*).  BANA removed Plaintiff's state-court filing to this court on March 31, 2014.  *Id.*  BANA obtained a judgment dismissing all of Plaintiff's claims with prejudice on June 25, 2014.  *See* Final Judgment, *Cavada I,* No. 1-14-CV-275 (W.D. Tex. June 25, 2014).

While *Cavada I* was proceeding before this court, Plaintiff's ex-wife filed for bankruptcy on January 24, 2014, representing that she had a fee simple absolute interest in the Property, subject to a secured claim for $214,458.54, "to be surrendered" in the bankruptcy.  Am. Pet.

---

[1] Plaintiff asserts the Deed of Trust and Note were executed in 2007 and refinanced in 2009.  *Id.* at ¶¶ 9-10.  The Deed of Trust and Note attached to the Amended Petition, however, concern only the 2009 transaction.  *Id.* at Ex. A.

[Dkt. #10], Ex. B.  Plaintiff asserts he was not aware of the bankruptcy filing until late August of 2014.  Resp. Mot. Dism. [Dkt. #16] at 8.

On October 1, 2014, Plaintiff again filed suit against BANA in state court, this time in the 353rd Judicial District Court of Travis County, Texas, under cause number D-1-GN-14-003996.  Notice of Removal [Dkt. #1] at ¶ 1.  Plaintiff's factual allegations in this second lawsuit concerned whether his wife's discharge of her obligation concerning the Property improperly deprived Plaintiff of his interest in the Property and whether Defendants improperly ignored Plaintiff's contention that he had an independent interest in the home arising out of the divorce decree.  Notice of Removal [Dkt. #1] Ex. A, Orig. Pet. ¶¶ 14-15.  Defendant removed this second lawsuit to this court on October 15, 2014.  Notice of Removal [Dkt. #1].

Plaintiff has since filed his First Amended Petition [Dkt. #10], and now moves to remand the case to state court, asserting that his First Amended Petition states no federal claims and the parties are not diverse.  Mot. Remand [Dkt. #15].  Defendant opposes remand, asserting there is complete diversity between the parties.  Resp. [Dkt. #19].  Defendant moves this court to dismiss Plaintiff's claims with prejudice on grounds of res judicata, arguing that Plaintiff's claims either were brought or could have been brought in *Cavada I,* or in the alternative, for failure to state a claim on which relief can be granted.  Def's Mot. Dism. [#12].

## II.   ANALYSIS

### A.   Plaintiff's Motion to Remand

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of

citizenship exists between the parties.  28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *see also Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

In this case, Plaintiff has named two defendants: Bank of America, N.A., (BANA) and BAC Home Loans Servicing LP.  Defendant BANA has informed the court, however, that BAC Home Loans Servicing LP did not have a legal existence separate from BANA at the time of filing.  *See* Notice of Removal [Dkt. #1] at n.1.  Because BAC Home Loans Servicing LP merged into BANA on July 1, 2011, the sole defendant in this case for purposes of determining diversity jurisdiction is BANA.  (*See Dillard Family Trust v. Chase Home Fin.*, No. 3:11-CV-1740-L, 2011 U.S. Dist. LEXIS 147869, *7 (N.D. Tex. Dec. 23, 2011) (*sua sponte* examining diversity of citizenship for purposes of 28 U.S.C. § 1332 and determining bank, successor by merger to original mortage servicer, was the only defendant to consider for purposes of diversity of the parties.)

At the time of removal, on October 15, 2014, BANA represented that federal jurisdiction was proper both on the basis of diversity jurisdiction and federal question jurisdiction.  Notice of Removal [Dkt. #1] at ¶¶ 5-13.  Plaintiff has since amended his original state court Petition and correctly asserts that, because his First Amended Petition, filed December 22, 2014 [Dkt. #10] abandons all claims for relief based on federal statutes or law, there is no basis for continued federal question jurisdiction.  Mot. Remand [Dkt. # 15] at 4.  *See Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*,

972 F.2d. 580, 585 (5th Cir. 1992) ("'Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.'")

Plaintiff's motion to remand fails to address BANA's other justification for removal, diversity jurisdiction. *See generally* Mot. Remand [Dkt. #15].   Plaintiff's First Amended Petition, however, asserts that diversity jurisdiction is improper because "each of the Defendants maintain offices in Texas, are registered with the Texas Secretary of State, did business in the state of Texas, and engaged in substantial business activity within this District." Am. Pet. [Dkt. #10] at ¶ 6.  Moreover, it is always proper for the court to examine the basis of its jurisdiction *sua sponte. Smith v. Bank of Am. Corp.,* No. 14-50256, 2015 U.S. App. LEXIS 4660, *8-9 (5th Cir. Mar. 20, 2015) (unpublished).   Therefore, the undersigned will consider whether diversity jurisdiction remains in this case after Plaintiff's amendments to the pleadings.

As noted above, "each of the defendants" is BANA, a national bank. *See* 12 U.S.C. § 21; 28 U.S.C. § 1348.  For purposes of diversity jurisdiction, a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006); 28 U.S.C. § 1348.  BANA's designated main office is in North Carolina.  Resp. Mot. Remand [Dkt. #19] at 4.  Plaintiff is domiciled in Texas.  First Am. Pet. [Dkt. #10] at ¶ 3.  Therefore, the parties are completely diverse. *Wachovia Bank,* 546 U.S. at 307.

The amount in controversy exceeds the jurisdictional threshold of $75,000.  28 U.S.C. § 1332.  The parties join issue over the right to foreclose on real property appraised at $178,903.00 in the Travis County Appraisal District Report.  Notice of Removal [Dkt. #1] Ex.C.  In such

cases, the fair market value of the property is the proper measure of the amount in controversy. *Nationstar Mortgage, L.L.C. v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009).

Because BANA properly alleged the existence of diversity jurisdiction at the time of removal, *see* Notice of Removal [Dkt. #1] at ¶¶ 7-13, and the record establishes that diversity jurisdiction was not affected by the filing of the Plaintiff's First Amended Petition and still exists over this case, the undersigned RECOMMENDS that Plaintiff's Motion to Remand [#15] be DENIED.

### B. Defendant's Motion to Dismiss: Res Judicata

Defendant moves to dismiss the case on grounds of res judicata. In support of this motion, Defendant asks the court to take judicial notice of public records from *Cavada I,* specifically Plaintiff's Original Petition, the July 25, 2014 Order dismissing the claims with prejudice, and the June 25, 2014 Final Judgment in the case. Mot. Dism. [Dkt. # 12] Exs. A, B, C. These public records are proper subjects for judicial notice in general, FED. R. EVID. 201, and judicial notice is proper in the context of a motion to dismiss. *Norris v. Hearst Trust,* 500 F.3d 454, 461 (5th Cir. 2007). While res judicata is ordinarily the subject of a motion for summary judgment, in appropriate circumstances it can be determined at the motion to dismiss stage of the proceedings. *Id.* at 461, n.9.

Res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) . The test for claim preclusion has four elements: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits.

*Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010); *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).   When all four elements are present, claim preclusion prohibits a litigant from asserting "'any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action.'" *Duffie*, 600 F.3d at 372 (citing *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)).

In this case, the first prong is satisfied: Plaintiff and BANA (as successor by merger to BAC Home Loan Servicing, L.P.) were the only parties in both suits. The second prong is also met: The district court had diversity jurisdiction. The third prong is satisfied as well: the district court entered an order dismissing Plaintiff's claims with prejudice, and Plaintiff neither challenged the judgment nor tried to reopen the case. *Compare Nguyen v. Bank of Am., N.A.*, 516 F. App'x 332, 335 (5th Cir. March 8, 2013) (unpublished) (discussing res judicata factors in similar circumstances and finding claim preclusion).

Plaintiff contends the fourth issue, "the same claim or cause of action," is not involved in *Cavada I* and *Cavada II*. The Fifth Circuit has adopted the Restatement's "transactional test" to determine claim similarity. *Cavil v. Ocwen Loan Servicing LLC*, No. 3-12-cv-324, 2013 U.S. Dist. LEXIS 4488, *7-9 (S.D. Tex. Jan. 11, 2013) (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).   "The critical issue is whether the two actions under consideration are based on the ***same nucleus of operative facts***."   *Petro-Hunt*, 365 F.3d. at 396 (emphasis in original).   The transactional test looks beyond whether the second-filed claims are explicit replicas of the first or "styled in some more exotic fashion."   *Cavil*, 2013 U.S. Dist. LEXIS 4488 at *9.   The question is whether all of the claims are based on the same material factual allegations.   *Id.*   As the Fifth Circuit has framed it, ""If a party can only win the suit by

convincing the court that the prior judgment was in error, the second suit is barred." *Test Masters*, 428 F.3d at 571.

In *Cavada I,* Plaintiff's claims revolved around the allegation that Defendant "lacked standing or authority to enforce the terms of his mortgage because [it has] not shown a proper chain of title to the indebtedness." *Cavada I* Report and Recommendation of April 24, 2014 at 2. In *Cavada II*, Plaintiff's claims all revolve around a facially similar allegation: the debt was "wrongfully obtained and fraudulently procured and therefore it is unenforceable." Cavada II, First Am. Pet. [Dkt. #10] at ¶ 27. Plaintiff's claims for fraud appeared in both *Cavada I* and *Cavada II.* Compare *Cavada I,* Report and Recommendation of April 24, 2014 with *Cavada II*, Amended Complaint, First Cause of Action ("Fraud, Deceit, and Concealment") and Fifth Cause of Action ("Common Law Fraud"). The additional claims asserted in *Cavada II* for trespass to try title, Texas statutory fraud, removal of cloud on title, unjust enrichment, and declaratory judgment of cancellation of instruments, seek exactly the same relief—prevention of the foreclosure—that was denied in *Cavada I. See Cavada I,* Report and Recommendation of April 24, 2014 at 19 ("As noted above, Plaintiff concedes he is in default of his payment obligations on his mortgage indebtedness. . . . Accordingly, the motion to dismiss should be granted as to the Plaintiff's claims for injunctive relief." ).

Plaintiff is correct that "judgment in one suit will not operate as res judicata to a subsequent suit on the same question between the same parties where, in the interval, the facts have changed, or new facts have occurred which may ***alter the legal rights or relations*** of the parties." *Marino v. State Farm Fire & Cas. Ins. Co.*, 787 S.W.2d 948, 949-50 (Tex. 1990). Plaintiff asserts his ex-wife's bankruptcy petition, filed during the pendency of *Cavada I,* is such a "new fact." Resp. Mot. Dism. [Dkt. #16], ¶¶21-22. But Plaintiff fails to articulate how his

8

discovery of his ex-wife's bankruptcy materially affects his claims (originally pending in *Cavada I*, while the ex-wife's bankruptcy petition was on file) that the bank was not entitled to foreclose on the home based on Plaintiff's failure to make timely mortgage payments.   A personal bankruptcy "extinguishes *only* 'the personal liability of the debtor'" on a mortgage.  *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (quoting 11 U.S. C. § 524(a)(1)).  "[A] creditor's right to foreclose on the mortgage survives or passes through the bankruptcy."  *Id.*    Thus, it is not clear how the discharge of the ex-wife's personal liability affected Plaintiff's legal obligation to either pay the mortgage or surrender the home for foreclosure.  *See id.*

Aside from the discovery of his ex-wife's bankruptcy, the facts alleged in Plaintiff's First Amended Petition are largely similar to those alleged in *Cavada I.*  Compare:

- ". . . Plaintiff has attempted to modify his loan.  Plaintiff states that BAC has repeatedly asked for the same documents, dropped his calls, failed to return calls and refused to take payments, making it impossible for him to complete payments."  *Cavada I*, Report and Recommendation of 4/24/14, at 2.

- "Plaintiff made several attempts to notify the defendants that he had an interest in the property.  However, Defendants intentionally ignored him by refusing to talk or listen to him.  Each and every time Plaintiff attempted to contact Defendants they told him they would not talk to him, they stated because he was not a party to the note they would not speak with him."  *Cavada II*, Amended Compl. [Dkt. #10] at ¶ 13.

The issues of whether the Bank wrongfully refused to recognize Plaintiff's interest in the property, or whether the Bank did not have proper ownership of the debt when they attempted to foreclose, are not materially affected by the extinguishment of the ex-Ms. Cavada's personal liability with regard to the mortgage payments.  *See Johnson,* 501 U.S. at 83.

Moreover, Defendants correctly point out that, even if the bankruptcy filing of Plaintiff's ex-wife (a non-party to both suits)*,* were a material fact, it would not be a "new fact" for purposes of *Cavada II* because the bankruptcy was filed during the time *Cavada I* was pending.

Thus, Plaintiff would have known or had reasonable opportunity to discover the bankruptcy filing (a public filing affecting property in which he claimed an interest) well before judgment was entered in *Cavada I*.   *See Marino*, 787 S.W.2d at 949-50 ("new facts" may bar the application of res judicata).

For all these reasons, the undersigned RECOMMENDS Defendant's Motion to Dismiss [Dkt. #12] be GRANTED on grounds of res judicata.

### C.     Defendant's Motion to Dismiss: Failure to State a Claim

Additionally and in the alternative, Defendant moves to dismiss Plaintiff's First Amended Petition for failure to state a claim on which relief can be granted.  Mot. Dism. [Dkt. # 12] at 9—17.  The undersigned agrees that Plaintiff's bare-bones Amended Petition is not sufficient to support his claims for relief.

#### 1.  *Fraud Based Claims Not Alleged With Particularity*

Plaintiff's conclusory allegation: "Defendants and Plaintiff's ex-wife conspired and acted in concert to fraudulently divest Plaintiff's rights and interests in the said property," Am. Pet. [#10] at ¶ 19, is entirely insufficient to set out the "who, what, when, where, and how" necessary to plead fraud with particularity under Federal Rule of Civil Procedure 9(b).  *Wells v. United States Bank Nat'l Ass'n,* 587 F. App'x 158, 161 (5th Cir. Oct. 17, 2014) (per curiam) (citing *Carroll v. Fort James Corp*., 470 F.3d 1171, 1174 (5th Cir. 2006)).  The same heightened pleading standard applies to plaintiff's misrepresentation-based claims for "deceit and concealment" and "common law fraud."  Am. Pet. [#10] at First Cause of Action, Fifth Cause of Action; FED. R. CIV. P. 9(b).  Because Plaintiff has not alleged any specific factual allegations in

support of these claims, the undersigned RECOMMENDS that Defendant's Motion to Dismiss be GRANTED with respect to Plaintiff's First and Fifth Causes of Action.

### 2. *Essential Elements of Trespass to Try Title and Remove Cloud Not Plead*

An essential element of either a trespass to try title or a quiet title (remove cloud to title) action is that the Plaintiff must establish superior title to the Property. *Turner v. AmericaHomeKey, Inc*., 514 F. App'x 513, 516 (5th Cir. 2013) (a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference").  Plaintiff's bare allegation that he received an interest in the property through a divorce proceeding does not demonstrate that Plaintiff has superior title to the mortgage holder in this case—particularly in light of the fact that Plaintiff does not allege he has tendered the amount due on the Note or has the ability to do so. *See Platero v. Bank of America, N.A.,*No. 3:11-CV-3421-M, 2012 U.S. Dist. LEXIS 86769, *4 (N.D. Tex. May 25, 2012).

"To prevail on a trespass to try title action, a plaintiff must prove title to the property by: '(1) proving a regular chain of conveyances from the sovereign, (2) establishing superior title out of a common source, (3) proving title by limitations, or (4) proving title by prior possession coupled with proof that possession was not abandoned.'" *Richardson v. Wells Fargo Bank, N.A.,* 873 F. Supp. 2d 800, 816 (N.D. Tex. 2012) (citations omitted).  Plaintiff has not alleged even one of these elements in his First Amended Petition.  His bald statement that ""Texas Property Code, § 22.001 allows the action of Trespass to Try Title to determine title to real property." Am. Compl. [Dkt. #10] at ¶ 22 is nothing more than one of the the "'labels and conclusions'" rejected as insufficient to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1966 (2007)).

Similarly, in a quiet title suit (a suit to remove a cloud from title), the Plaintiff must show the following: (1) an interest in specific property; (2) that title to the property is affected by a claim by the defendant; and (3) that the claim, although facially valid, is invalid or unenforceable. *Sgroe v. Well Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 751 (E.D. Tex. 2013). Though Plaintiff has plead that Defendant's facially valid foreclosure claim is unenforceable, Plaintiff fails to include any factual allegations as to why the deed is allegedly "wrongfully obtained and fraudulently procured."  Am. Compl. [Dkt. #10] at ¶ 26.  Plaintiff's conclusory recitation of an element of the claim is insufficient to state a viable cause of action.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Because Plaintiff has not plead or supported the essential elements of his trespass to try title or quiet title claims with factual allegations, the undersigned RECOMMENDS Defendant's Motion to Dismiss [Dkt. # 12] be GRANTED with respect to Plaintiff's Second and Fourth Causes of Action [Dkt. #10].

### 3.  *Reciting the Elements of Statutory Fraud is Insufficient To State A Claim*

To state a claim for a violation of Chapter 12 of the CPRC, Plaintiff must establish that BANA made, presented, or used a document with: (1) knowledge that the document was a fraudulent lien; (2) intent that the document be given the same legal effect as a court record evidencing a valid lien; and (3) intent to cause another person to suffer financial injury. *Vanderbilt Mortgage & Fin., Inc. v. Flores*, 692 F.3d 358, 376-77 (5th Cir. 2012).  Plaintiff makes no such factual allegations, instead simply reciting the elements of a Chapter 12 claim. Am. Pet. [Dkt. #10] at ¶¶ 23-24.  "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice" to state a claim for which relief can be granted. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Therefore, the undersigned RECOMMENDS Defendant's Motion to Dismiss [Dkt. # 12] be GRANTED with respect to Plaintiff's Third Cause of Action [Dkt. #10].

   4.   *Unjust Enrichment and Declaratory Judgment Are Unavailable Remedies*

   Unjust enrichment and declaratory judgment are both remedies. "[U]njust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay." *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.). Similarly, "a request for injunctive relief is not considered an independent 'cause of action,' but rather a remedy sought to redress the wrongs alleged in the underlying substantive claims." *La. Crisis Assistance Ctr. v. Marzano-Lesnevich*, 878 F. Supp. 2d 662, 669 (E.D. La. 2012) (collecting numerous federal cases so holding).

   In this case, unjust enrichment is not an available remedy because the parties' relationship is not quasi-contractual or based on any implied obligation—it is based on the written mortgage contract. Under Texas law, unjust enrichment "applies the principles of restitution **where there is no actual contract**." *Argyle Indep. Sch. Dist. v. Wolf*, 234 S.W.3d 229, 247 (Tex. App.—Fort Worth 2006, no pet.) (emphasis added). Moreover, "To recover under an unjust enrichment theory, the benefits to the other party must be actually unjust under the principles of equity." *Id.* In this case, there is a contract between the parties, under the terms of which considerable sums of money are allegedly owing from Plaintiff to Defendant, with no allegation any of those sums have been tendered. There are no grounds for application of the

13

doctrine of unjust enrichment here. *Id.*   Therefore, the undersigned RECOMMENDS Defendant's Motion to Dismiss [Dkt. # 12] be GRANTED with respect to Plaintiff's Sixth Cause of Action [Dkt. #10].

There are no grounds for the application of declaratory relief on these facts, either. Declaratory relief is a remedy and not an independent claim, *La. Crisis Assistance Ctr.*, 878 F. Supp. 2d at 669, and the undersigned has recommended dismissal of all claims for relief in this matter, both on grounds of res judicata and because of failure to state any viable claims for relief. Consistent with these recommendations, the undersigned RECOMMENDS Defendant's Motion to Dismiss [Dkt. # 12] be GRANTED with respect to Plaintiff's Seventh Cause of Action [Dkt. #10].

### D.   Leave to Amend Would be Futile

Generally, leave to amend should be freely granted.  FED. R. CIV. P. 15(a).  However, license to amend is not endless, and leave to amend need not be granted where it would be futile. *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014).  Where a plaintiff has already been given the opportunity to amend without success, it is not an abuse of discretion to deny further leave to amend.  *Herrmann Holdings Ltd. v. Lucent Techs., Inc*., 302 F.3d 552, 566-67 (5th Tex. 2002). Additionally, where the legal posture of the case suggests no set of facts that could be plead in support of the claims—e.g., where all plaintiff's claims have been previously dismissed with prejudice and are now barred by res judicata—amendment is futile and need not be granted. *Price v. United States Bank, N.A*., No. 3:14-CV-3554-N-BK, 2015 U.S. Dist. LEXIS 41670, 7-8 (N.D. Tex. Mar. 2, 2015) (adopted by Price v. U.S. Bank, N.A., No. 3:14-CV-3554-N-BK, 2015 U.S. Dist. LEXIS 40084 (N.D. Tex., Mar. 30, 2015)).  In this case, both conditions apply— Plaintiff has amended his complaint without success, and his amended claims are barred by res

judicata.  Therefore, the undersigned RECOMMENDS Plaintiff's Alternative Motion for Leave to Amend [Dkt. #10] be DENIED.

## IV.   RECOMMENDATIONS

For the reasons outlined above, the undersigned makes the following recommendations to the District Court.  The recommendations outlined below correspond with the subheadings in Section III, above.

**A.**     The undersigned RECOMMENDS that Plaintiff's Motion to Remand [#15] be DENIED.

**B.**     The undersigned RECOMMENDS Defendant's Motion to Dismiss [Dkt. #12] be GRANTED on grounds of res judicata.

**C.**     Additionally and in the alternative, the undersigned RECOMMENDS Defendant's Motion to Dismiss [Dkt. #12] be GRANTED on grounds of failure to state a claim for which relief can be granted.

**D.**     Finally, the undersigned RECOMMENDS Plaintiff's Alternative Motion for Leave to Amend [Dkt. #10] be DENIED.

## V.   OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED June 2, 2015

_____

MARK LANE
UNITED STATES MAGISTRATE JUDGE